IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM JOHN MCCORMICK, JR., ) | |
| ) | CASE NO. 7:19CV00742 |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DALLAS HILL, ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant. ) | |

William John McCormick, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging unreasonable search and seizure by the defendant, a police officer. After review of the record, the court concludes that defendant's motion to dismiss must be granted in part and denied in part.

I.

McCormick's allegations in this lawsuit concern events that occurred before his incarceration. According to the complaint, on February 4, 2018, Amherst County Sheriff's Deputy Gabriel Mason stopped McCormick and Edward Tyree near Monroe Street, in Amherst County, Virginia. Deputy Mason asked McCormick and Tyree if they had come from "back there," gesturing toward "some railroad tracks and woods that were at the bottom of a hill" behind them. Compl. 3, ECF No. 1. McCormick and Tyree said they had come from that area. Deputy Mason then asked if they had heard gunshots. McCormick and Tyree said they had, but they denied being the shooters. They asked if someone had called authorities or filed a complaint. Mason said, no, that he had heard the shots and found them unusual in light of the weather, so decided to investigate. The deputy continued asking questions for five or ten minutes.

When Deputy Mason asked for McCormick's name so he could check for outstanding warrants, McCormick provided the information, "waited for about 1 minute, then turned to return

to [his] residence." Id. at 4. As McCormick turned to leave, Deputy Lieutenant ("Lt.") Hill, who had recently approached the group, came toward McCormick "with his hand outstretched as if to grab [him]." Id. McCormick asked Lt. Hill, "[W]hat are you doing?" Id. Lt. Hill ordered McCormick to remove his hands from his pockets and said, "[T]urn around, I'm going to check you for weapons." Id. McCormick replied, "[N]o, you're not, I don't give you permission to search me," and tried to step past the deputy. Id. Lt. Hill then stepped "in [McCormick's] path and blocked [him] from leaving," saying, "I'm not searching you, I'm checking for weapons." Id. at 4-5.

McCormick stopped and responded. "[C]heck, search, I don't care what you want to call it, I don't give you permission to search me, so you're not f***ing searching me." Id. at 5. McCormick then turned toward Deputy Mason to ask if he could leave. Lt. Hill "tackled" McCormick, "knocking [him] from one side of the street to the other." Id. After recovering weapons from McCormick's person and handcuffing him, Lt. Hill asked, "Why were you reaching for something?" Id. McCormick said he had not reached for anything. Lt. Hill responded by calling him names and telling him to "[s]hut up." Id.

The deputies then took McCormick to jail. According to state court records available online, as a result of events on February 4, 2018, McCormick was charged in the Amherst County Circuit Court for possession or transportation of firearms or other weapons by a convicted felon, in violation of Va. Code Ann. § 18.2-308.2; and assault on a law enforcement officer, in violation of Va. Code Ann. § 18.2-57. McCormick's submissions indicate that Hill testified about the arrest at some point during the state court proceedings, but nothing in the record indicates how the state court ruled on any defense challenge to the legality of events leading up to the arrest. McCormick

was ultimately convicted of the two counts and sentenced to consecutive five-year prison terms on each count, with four years and six months suspended on the assault offense.

The court construes McCormick's pro se complaint as alleging the following claims against Defendant Hill: (1) unlawful seizure and search and excessive force, in violation of the Fourth Amendment; (2) verbal and physical abuse, in violation of the Eighth Amendment; and (3) unspecified violations of the Due Process Clause of the Fourteenth Amendment. As relief in this action, McCormick seeks "[c]ompensation for the loss of property [he] suffered due to being incarcerated or as a result of these events, pain and suffering, emotional distress, psychological harm and punitive damages."[1] Compl. 2, ECF No. 1. Hill has filed a motion to dismiss, and McCormick has responded, making this matter ripe for disposition.

II.

A motion to dismiss tests the legal sufficiency of a complaint. See, e.g., Bell Atl. Corp. v. Twombly, 553 U.S. 544, 553-63 (2007). "[T]he complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).[2] In conducting its review, a court must view the facts in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The defendant first argues that McCormick's allegations of verbal abuse

---

[1] McCormick also states his desire for "revocation of Law Enforcement Certification from" Lt. Hill. Compl. 2, ECF No. 1. He is advised that no such remedy is available in a § 1983 action.

[2] The court has omitted internal quotation marks, alterations, and/or citations here and elsewhere in this memorandum opinion, unless otherwise noted.

3

do not state any actionable § 1983 claim. The court must agree. Mere words, even if abusive, offensive, and unprofessional, are not sufficient to deprive one of a constitutionally protected right. Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983") (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivation under § 1983); Johnson v. Winker, No. CA 4:11-2700-JFA-TER, 2011 WL 6058581, at *1 (D.S.C. Oct. 21, 2011) ("a constitutional claim based on verbal harassment or threats will fail, whether it is asserted under the Fifth Amendment, Eighth Amendment or Fourteenth Amendment"), report and recommendation adopted, No. CA 4:11-2700-JFA-TER, 2011 WL 6059793 (D.S.C. Dec. 6, 2011).

The defendant also correctly argues that McCormick's claims of unreasonable search and seizure and excessive force do not arise under the Eighth or Fourteenth Amendments. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach" under the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 394 (1989). On the other hand, the Eighth Amendment protects persons who have been convicted of crimes and, as such, does not apply to the prearrest events that McCormick alleges. Id. at 398. Therefore, the court will grant the motion to dismiss as to the Eighth and Fourteenth Amendment claims and will address McCormick's search, seizure, and excessive force claims only under the Fourth Amendment.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV,

and this protection, in broad terms, "usually requires the police to have probable cause or a warrant before making an arrest." Herring v. United States, 555 U.S. 135, 136 (2009). "Although brief encounters between police and citizens require no objective justification," "a brief investigatory stop is impermissible unless the officer's action is supported by a reasonable and articulable suspicion . . . that criminal activity may be afoot." United States v. Foster, 824 F.3d 84, 88 (4th Cir. 2016). To determine whether a stop constitutes a seizure, the court inquires whether, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Id.

If a seizure occurred, the next inquiry is whether it was "justified by reasonable suspicion"—which requires "a particularized and objective basis for suspecting the particular person stopped of criminal activity." Id. at 88-89. Such suspicion is calculated from the "totality of the circumstances," including factors that may be otherwise seemingly innocent. Id. at 89.

> Even if an investigatory stop is justified by reasonable suspicion, a subsequent frisk of a suspect for weapons is not necessarily permissible. United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998) (explaining "that an officer must have justification for a frisk or a pat-down beyond the mere justification for the traffic stop"). Instead, a frisk must be supported by "reasonable suspicion that the [suspect] is armed and dangerous."

Id. "[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." United States v. George, 732 F.3d 296, 300 (4th Cir. 2013). Thus, a "piecemeal refutation of each individual fact and inference" will not suffice to find reasonable suspicion lacking. Id.

Claims of excessive force during a search or seizure are also analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 394-95 (1989). Three factors must guide the objective reasonableness inquiry: (1) "the severity of the

5

crime"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect is resisting arrest or attempting to flee. Id. at 396.

McCormick argues that Hill unreasonably seized and searched him on February 4, 2018, using physical abuse, in violation of his Fourth Amendment rights.[3] On the other hand, Hill asserts that McCormick's Fourth Amendment claims should be dismissed. Based on the gunshots the deputies had heard, McCormick's admission to having also heard the shots, and his admission to having been near the area where the shots occurred, Hill asserts that police had a reasonable suspicion that a crime had been committed and that McCormick was armed and could lawfully be frisked for weapons. Hill also argues that the allegations indicate how he used only incremental and proportional force to accomplish the weapons pat down of McCormick. First, he informed McCormick verbally that he was going to perform a check for weapons. When McCormick refused and turned away, Hill stepped into his path and repeated his intention. Hill only used a tackle after McCormick verbally refused the pat down again and turned away from Hill.

McCormick alleges, however, that no one had any reason to suspect that he was armed or dangerous. He also states that when he turned away from Hill the second time, he turned toward Mason, the officer who had stopped and questioned him in the first place, to ask Mason if he could leave the area. Such actions by McCormick, if proven, do not suggest an attempt to flee or a reason for Hill to use force against McCormick. On summary judgment, Hill may offer additional evidence to establish that the totality of the circumstances supported his decision to tackle McCormick to accomplish the pat down search for weapons. Indeed, the state court may already have so found during the criminal proceedings. Because the court cannot find from the present record that McCormick's version of events fails to state a plausible claim of unreasonable seizure

---

[3] The court notes that McCormick is not challenging the legality of Deputy Mason's actions in stopping and questioning McCormick and Tyree.

and search of his person,[4] the court will deny the motion to dismiss as to the Fourth Amendment claims against Hill.

III.

For the reasons stated, the court concludes that defendant's motion to dismiss must be denied as to the Fourth Amendment claims under § 1983, but that the motion must be granted as to all other claims. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 24th day of February, 2021.

_____
Senior United States District Judge

---

[4] As an alternative defense, Hill alleges that he is entitled to qualified immunity against McCormick's claims for monetary relief. The court cannot agree. To benefit from qualified immunity, Hill must demonstrate one or both of the following: that McCormick has not alleged facts showing a constitutional violation and that the constitutional right McCormick asserts was not clearly established at the time of his claims. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Because the court has herein determined that McCormick's submissions state a Fourth Amendment claim, Hill has not met the first qualified immunity facet. Moreover, Hill has not demonstrated that the legal contours of a proper stop and frisk for weapons was not clearly established at the time McCormick's claims arose. See, e.g., Foster, 824 F.3d at 89. Thus, Hill cannot succeed on a motion to dismiss McCormick's claims on the ground of qualified immunity.